UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 2:14-cr-21-FtM-38MRM

MARKEITH RESHAY BROWN
_____/

**ORDER**[1]

Two matters are before the Court for review: (1) the Office of the Federal Defender's Motion to Withdraw and Appoint Conflict-Free Counsel (Doc. #60) filed on July 6, 2016; and (2) Defendant Markeith Reshay Brown's Motion to Inform the Court that Counsel Refused to Raise Movant's Title 18 U.S.C. § 3582(c)(2) (Doc. #61) filed on August 15, 2016.

Defendant pleaded guilty to possession with intent to distribute and aiding and abetting the possession of cocaine in violation of 21 U.S.C. § 841 (Doc. #28; Doc. #27). The Court sentenced him to 120 months imprisonment as a career offender under U.S.S.G. § 4B1.1. (Doc. #39). Shortly after Defendant was sentenced, the United States Sentencing Commission promulgated Amendment 782 to the United States Sentencing Guidelines, which retroactively reduced the offense levels in U.S.S.G. § 2D1.1's drug quantity table. Because of Amendment 782, Defendant moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2). (Doc. #60).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

The Court appointed the Federal Public Defender's Office ("FPD") to represent Defendant in determining his eligibility for Amendment 782 relief. (Doc. #55; Doc. #55-1). But the FPD has advised the Court that it cannot represent Defendant because he has a pending 28 U.S.C. § 2255 motion that alleges his trial counsel, an FPD attorney, was ineffective. (Doc. #57; Doc. #58). In apparent response to the FPD's motion, Defendant states that he does not waive his motion for a sentence reduction under Amendment 782 and wishes to proceed *pro se*. (Doc. #61).

Given the FPD's conflict of interest in representing Defendant, the Court grants its motion to withdraw. In accordance with the *Omnibus Order In Re: Amendment 782, United States Sentencing Guidelines*, No. 14-mc-78-Orl-22 (M.D. Fla. Nov. 4, 2014), the Court will appoint counsel under the Civil Justice Act to represent Defendant in determining his eligibility for Amendment 782 relief.

Accordingly, it is

**ORDERED:**

(1) The Office of the Federal Defender's Motion to Withdraw and Appoint Conflict-Free Counsel (Doc. #60) is **GRANTED**.

(2) The Federal Public Defender's Office is relieved of further responsibility in this case, without prejudice, and no further action will be taken with regard to the appointment. The Clerk of Court shall **TERMINATED** the Federal Public Defender's Office as counsel of record.

(3) The Clerk of Court is **DIRECTED** to appoint counsel from the CJA Panel to represent Defendant as set forth herein.

(4) Defendant Markeith Reshay Brown's Motion to Inform the Court that Counsel Refused to Raise Movant's Title 18 U.S.C. § 3582(c)(2) (Doc. #61) is **GRANTED** to the extent that his motion for a sentence reduction under Amendment 782 (Doc. #54) remains pending.

**DONE AND ORDERED** in Fort Myers, Florida on this 29th day of August 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record