UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO: 2:14-cr-21-FtM-38MRM

MARKEITH RESHAY BROWN
_____/

### **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant Markeith Reshay Brown's Request for a Reduction of Sentence for a Drug Offense Pursuant to Retroactive Amendment 782. (Doc. 54). The United States Probation Office has filed an Amendment 782 Memorandum (Doc. 56), and the Government has filed a Response in Opposition to Brown's Motion for Sentence Reduction Under Amendment 782 (Doc. 71). For the reasons that follow, the Court denies Defendant's motion.

### BACKGROUND

Defendant pleaded guilty to possessing with intent to distribute and aiding and abetting the possession of 500 grams or more of cocaine in violation of 21 U.S.C. § 841. (Doc. 28; Doc. 27). The Court sentenced him to 120 months' imprisonment as a career

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

offender under U.S.S.G. § 4B1.1.[2] (Doc. 52). Approximately eight months before Defendant's sentencing, the United States Sentencing Commission promulgated Amendment 782 to the United States Sentencing Guidelines, which retroactively reduced the offense levels in U.S.S.G. § 2D1.1's drug quantity table. Because of Amendment 782, Defendant moves to reduce his sentence under 18 U.S.C. § 3582(c)(2). (Doc. 54).

The Court initially appointed the Federal Public Defender's Office ("FPD") to represent Defendant in determining his eligibility for Amendment 782 relief. (Doc. 59). When the FPD withdrew due to a conflict of interest (Doc. 60), the Court appointed counsel from the CJA Panel to represent Defendant (Doc. 62; Doc. 63). Defense counsel has determined that Defendant is not eligible for a sentence reduction and has advised him accordingly. (Doc. 68; Doc. 69; Doc. 70).

## DISCUSSION

Under 18 U.S.C. § 3582, a court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that the Sentencing Commission subsequently lowered. But, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008); *see also United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) ("[A] court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case.").

---

[2] According to the Presentence Investigation Report, Defendant's base offense level was 26 under U.S.S.G. § 2D1.1, but it was set at 34 under § 4B1.1 because Defendant was a career offender and his maximum potential sentence was forty years.

Here, Defendant is not eligible for Amendment 782 relief because the Court sentenced him under the 2014 Guidelines Manual, which incorporated Amendment 782. In addition, the Court calculated his guidelines range using U.S.S.G. § 4B1.1(b)'s career offender table, and not § 2D1.1(c)'s drug quantity table. Section 2D1.1(c) played no role in the Court calculating his sentencing range. This is important because Amendment 782 only reduced offense levels for drug sentences calculated under § 2D1.1(c). And Amendment 782 did not affect § 4B1.1(b)'s offense levels for a career offender. Because Defendant was sentenced under § 4B1.1(b), applying Amendment 782 would not lower his guidelines range. Thus, he is not eligible for a sentence reduction. *See United States v. Graham*, 623 F. App'x 530, 531 (11th Cir. 2015) (finding that the defendant could not "obtain relief under Amendment 782 because his career offender status forestall[ed] the amendment from lowering his guideline range").

In addition, under the present procedural posture, Defendant cannot challenge his status as a career offender. The Guidelines state, "[i]n determining the amended guideline range . . . the court shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced. *All other guideline application decisions remain unaffected.*" U.S.S.G. § 1B1.10(b)(1), app. N. 2 (emphasis added). As stated, "Amendment 782 does not affect U.S.S.G. § 4B1.1(a) or any related career offender provisions." *Graham*, 623 F. App'x at 531. This means that the Court's determination of Defendant as a career offender is "'outside the scope of the proceeding authorized by § 3582(c)(2).'" *Id.* (citing *Dillon v. United States*, 560 U.S. 817, 831 (2010)).

In conclusion, the Court denies Defendant's motion for a sentence reduction under Amendment 782.

Accordingly, it is now

**ORDERED:**

(1) Defendant Markeith Reshay Brown's Request for a Reduction of Sentence for a Drug Offense Pursuant to Retroactive Amendment 782 (Doc. 54) is **DENIED**.

(2) Lee Hollander, Esq. is relieved of further responsibility in this case, without prejudice, and no further action will be taken with regard to the appointment. The Clerk is directed to terminate Mr. Hollander as counsel of record.

**DONE AND ORDERED** at Fort Myers, Florida, this February 27, 2017.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record