UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.: 2:14-cr-21-SPC-NPM

MARKEITH RESHAY BROWN

## **ORDER**

Before the Court is Defendant Markeith Brown's pro se Request for Termination of Supervised Release.  (Doc. 87).  Although Defendant's probation officer does not oppose the motion, the Government does.  (Doc. 90).  For the below reasons, the Court denies the motion.

In July 2015, the Court sentenced Defendant to 120 months in prison and four years of supervised release for possessing with intent to distribute over 500 grams of cocaine.  (Doc. 52).  This sentence reflects a downward departure.  (Doc. 53).

Fast forward eight years.  Defendant has served his prison sentence and has been on supervised release for the last sixteen months.  But Defendant doesn't want to wait two and a half more years for his supervised release term to end.[1]  So he moves to end the term now.  As support, Defendant says he has

---

[1] Defendant's term of supervised release will expire on June 21, 2026.

paid restitution and has had "good clear conduct and has completed all requirements." (Doc. 87 at 1).

After considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The relevant § 3553(a) factors include (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution. A court has discretion to end a term of supervised release early. *See United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

After considering the above law against the record, the Court declines to terminate Defendant's term of supervised release now. Although the Court recognizes that Defendant has followed all conditions imposed on him to date, this compliance is the baseline expectation. And him meeting the minimum requirements of supervised release is outweighed by the seriousness of his

offense, his criminal history, and the need to deter him from committing and protect the public from future crimes. It is not lost on the Court that Defendant was accountable for three kilograms of cocaine found in a car he was driving. And this wasn't his only drug offense. Defendant was convicted of three other cocaine offenses—which contributed to his career offender status. (Doc. 39 at 7-8). And Defendant has other criminal convictions too, which all show his inability to avoid committing crimes for extended periods while not in prison. Because Defendant has not yet even served half of his term of supervised release, the Court finds that keeping him on supervision is in the best interest of Defendant and the public.

Accordingly, it is

**ORDERED:**

Defendant Markeith Reshay Brown's pro se Request for Termination of Supervised Release (Doc. 87) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on October 24, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record