UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:14-cr-21-SPC-NPM

MARKEITH RESHAY BROWN

## ORDER

Before the Court is Defendant Markeith Brown's pro se Motion for Reconsideration. (Doc. 93). The Government has not responded, and the time to do so has ended. For the below reasons, the Court denies Defendant's motion.

Defendant has completed his 120-month prison sentence for distributing cocaine but is serving a four-year term of supervised released. Yet Defendant doesn't want to wait another two and a half years for the supervision to end.[1] So, last month, he moved to end the term early largely because he has paid restitution and has had "good clear conduct and has completed all requirements." (Doc. 87 at 1). But after considering the factors in 18 U.S.C. § 3553(a), the Court denied his motion because his continued supervision was in his and the public's best interest. (Doc. 91). Defendant thinks otherwise and asks for reconsideration. (Doc. 93).

---

[1] Defendant's term of supervised release will expire on June 21, 2026.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 254-55 (11th Cir. 2011) (citation omitted). In deciding such motions, courts use the standards applicable in civil cases. *See, e.g.*, *United States v. Brown*, No. 3:18-CR-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (citations omitted).

Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration. Rule 59(e) allows a court to amend or alter a judgment for 28 days. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Likewise, Rule 60 lets a court relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under this framework, courts have interpreted three grounds for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). These grounds show that motions for reconsideration cannot ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir.

2010).  "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Even liberally construing Defendant's motion, he has shown no intervening change in controlling law, new evidence, need to correct clear error, and manifest injustice to warrant reconsideration.  For this reason alone, the motion can be denied.  All Defendant does is disagree with the Court's assessment of the § 3553(a) factors.  He argues that he has "prepared himself for over eight years and has now proven a healthy transition to the community" so "supervised release is no more necessary."  (Doc. 93 at 4).  But the Court considered his full compliance when denying his motion.  (Doc. 91 at 2 ("Although the Court recognizes that Defendant has followed all conditions imposed on him to date, this compliance is the baseline expectation.")).  Yet it found "the seriousness of his offense, his criminal history, and the need to deter him from committing and protect[ing] the public from future crimes" to outweigh his compliance and explained why.  (Doc. 91 at 2-3).  Because Defendant has shown no extraordinary circumstances for reconsideration, the Court declines to do so.

Accordingly, it is

**ORDERED:**

Defendant Markeith Brown's pro se Motion for Reconsideration (Doc. 93) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on November 28, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record